Julius Anderson v. O. Towne, et al., CV 08-2480 CTB

Order re 42 U.S.C. § 1983 Complaint

Plaintiff Julius Anderson ("Anderson"), a California prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against various California Medical Facility officials: Officers Towne and Zepeda; Sergeants Swan, Harris, Gilliam, and Brida; Associate Warden Fandi; Warden Veal; Building Trades Plant Operations Supervisor I Prior; and Building Trades Plant Operations Head Supervisor II O'Connor. Anderson alleges that sharp, broken tiles in the entrance to the shower in his housing unit created a substantial risk of serious harm and that the defendants were deliberately indifferent to that risk. Thus, Anderson states an Eighth Amendment claim for cruel and unusual punishment. The Court GRANTS Anderson's in forma pauperis motion, and ORDERS the amended complaint, and the summons thereon, served on defendants Towne, Zepeda, Swan, Harris, Gilliam, and Brida. However, the Court DISMISSES with leave to amend Anderson's claims against Fandi, Veal, Prior, and O'Connor, for failure to state a claim. The Court also DISMISSES with leave to amend Anderson's various state law claims for failure to state a claim.

I.   Background

Anderson filed his complaint on October 20, 2008. (Docket No. 1.) The case was assigned to a magistrate judge and then a district court judge before being reassigned on December 23, 2008, to Judge Carlos T. Bea of the Ninth Circuit, who sits by designation. (Docket No. 8.) Anderson filed a fifth amended complaint ("amended complaint") on September 29, 2009.[1] (Docket No. 15.)

Anderson's amended complaint alleges as follows. Anderson is confined in the California Medical Facility in Vacaville, California. (Compl. 4.[2]) He "has a severe musculoskeletal disability from a neurological impairment in the cervical

---

[1] The Court grants leave to file the fifth amended complaint, see Fed. R. Civ. P. 15(a)(2), and considers Anderson's claims based on the allegations in that complaint.

[2] All citations are to the amended complaint filed on September 29, 2009.

1

and lumbar spine." (Id. at Ex. B.). "He has ongoing cervical radiculopathy symptoms associated with poor hand grip and weakness in both hands. He cannot lift, push, or pull more than one-half pound. . . . It is difficult, if not impossible, for him to move around out of his wheelchair or bed or to sit or stand." (Id.)

On September 8, 2006, he "discovered floor damage at the entrance to the H-2 shower." (Id. 13.) The "damage was an uneven depression with sharp broken tiles around the borders of the shower floor entrance." (Id.) He "showed the dangerous flooring . . . to officers Towne and Zepeda on a continuing bases [sic]." (Id.) Anderson also "continually made request[s] to Officers Towne and Zepeda to initiate a work order to have the damage repaired." (Id.) The "request[s] were uneventful." (Id.)

Between September 2006 and 2008, Anderson "made numerous request[s] for repair to Sergeants' [sic] Swan, Harris, Gilliam, and Brida." (Id.) Anderson "on a number [of] occasions told and showed Sergeants Swan, Harris, Gilliam, and Brida the damaged shower floor p[r]ior [to] plaintiff's injury." (Id.)

On October 15, 2007, Anderson "arrived at the bathroom/shower entrance door in his wheelchair." (Id.) As he entered the shower, he "tripped and fell, due to the damaged shower entrance floor." (Id. at 14.) When he fell, he "injured his left knee, head, and ear that began bleeding from cuts received on sharp broken floor tiles." (Id.) Anderson "was in great pain, shock and unable to get off the floor." (Id.)

II.     Legal Standard

Under the Prison Litigation Reform Act ("PLRA"), a federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1)–(2); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). Pro se pleadings must, however, be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

III.     Discussion

    A.     In Forma Pauperis

On October 2, 2008, Anderson requested in forma pauperis status. Pursuant to 28 U.S.C. § 1915(a), Anderson filed an adequate affidavit in support of his in forma pauperis motion, along with a certified copy of his prison trust account statement. (Docket No. 2.) Accordingly, the Court allows Anderson to proceed in forma pauperis in this matter.

    B.     Failure to State a Claim

        1.     Standard

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must allege sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has "facial plausibility" if the plaintiff's complaint states facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. Even after Twombly, "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (internal citations and quotation marks omitted). If the complaint fails to state a claim, the Court has discretion to dismiss the complaint with or without leave to amend. Lopez, 203 F.3d at 1124, 1130.

To state a claim under § 1983, Anderson must allege (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

        2.     Eighth Amendment

Anderson alleges various prison officials violated his Eighth Amendment right to be free from cruel and unusual punishment when they failed to repair broken tiles in the entrance to the shower in his housing unit. A prisoner who

3

claims his conditions of confinement violate the Eighth Amendment prohibition against cruel and unusual punishment must demonstrate: (1) "a substantial risk of serious harm"; and (2) that prison officials acted with "deliberate indifference" to that risk. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

A prisoner's § 1983 claim based on "slippery prison floors . . . do[es] not state even an arguable claim for cruel and unusual punishment." Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989). In Jackson, the district court dismissed a § 1983 claim brought by a prisoner against various prison officials. Id. at 640. The prisoner alleged slippery prison floors constituted cruel and unusual punishment. Id. at 641. The Ninth Circuit affirmed and held the claim failed even to meet the lesser standard for frivolousness—"an arguable basis in law and fact." Id. at 640–41. In LeMaire v. Maass, a prisoner alleged that forcing prisoners to wear handcuffs and shackles while they showered violated the Eighth Amendment. 12 F.3d 1444, 1457 (9th Cir. 1993). The district court held that "[t]he use of full mechanical restraints on inmates while they shower violates the Eighth Amendment." Id. at 1450. The Ninth Circuit reversed and held "that shackling a dangerous inmate in a shower [does not] create[ ] a sufficiently unsafe condition." Id. at 1457. "Even if the floors of the shower are slippery and [prisoners] might fall while showering, 'slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment.'" Id. (quoting Jackson, 885 F.2d at 641).

However, a disabled prisoner states a claim for cruel and unusual punishment if he alleges prison officials failed to repair a dangerous condition after the officials were made aware of a substantial risk of serious injury to the disabled prisoner. See Frost v. Agnos, 152 F.3d 1124 (9th Cir. 1998). In Frost, the prisoner had a broken leg, which was in a long leg cast and required him to use crutches. Id. at 1127. A prison doctor stated the prisoner should be placed in a handicapped unit, but prison officials failed to accommodate the request. Id. at 1129. The prisoner "fell and injured himself [in the shower] several times." Id. Prison guards were aware of this. Id. The prisoner also "submitted several grievance forms to advise jail officials of the risk [posed by the shower]." Id. The prisoner brought an action against prison official under § 1983. Id. at 1127. The district court granted the defendants' motion for summary judgment. Id. at 1128.

The Ninth Circuit reversed and held a triable issue of fact existed with regard to whether the failure to provide the prisoner with adequate shower facilities

resulted in a violation of his constitutional rights. Id. at 1129. The Ninth Circuit explained prison officials could have taken basic steps to guarantee the prisoner's safety, such as allowing the prisoner to use a chair in the shower, installing a handicapped bar, or providing a guard to assist him. Id. Failure to do so was evidence of deliberate indifference. Id. The Ninth Circuit distinguished LeMaire and Jackson based on the defendant's "repeated injuries and the unsafe conditions that follow from his use of crutches." Id.

Like the prisoner in Frost, Anderson alleges facts that, if true, show the damaged floor created a substantial risk that he would be seriously harmed. Anderson alleges that he "discovered floor damage at the entrance to the H-2 shower." (Compl. 13.) The "damage was an uneven depression with sharp broken tiles around the borders of the shower floor entrance." (Id.) A medical report Anderson incorporated by reference explained he has "poor grip and weakness in both hands. He cannot lift, push, or pull more than one-half pound. . . . It is difficult, if not impossible for him to move around out of his wheelchair or bed or to sit or stand." (Id. at Ex. B.) In Frost, a dangerous condition existed due to the combination of a slippery shower floor and the prisoner's disability—his broken leg and need to use crutches. Here, a dangerous condition existed due to the broken floor tiles and Anderson's disability—his limited mobility and the weakness in his hands, which hampered his ability to reduce the risk of injury should he fall. Thus, Anderson, like the prisoner in Frost, alleges facts sufficient to show the damaged floor posed a substantial risk of serious harm to him.

A prison official acts with deliberate indifference when he "knows of and disregards" a substantial risk of serious harm. See Farmer, 511 U.S. at 837. Here, Anderson repeatedly showed Officers Towne and Zepeda the damaged flooring and continually asked that they request repairs, before the October 15, 2007, injury. (Compl. 13.) Prior to his injury, Anderson also showed Sergeants Swan, Harris, Gilliam, and Brida the damaged flooring and made numerous requests to them for repairs. (Id.) Because Anderson alleges Officers Towne and Zepeda and Sergeants Swan, Harris, Gilliam, and Brida knew of and disregarded the substantial risk of serious harm posed by the damaged floor, he states a claim for deliberate indifference with respect to these defendants.

However, Anderson does not state a claim with respect to defendants, Fandi, Veal, Prior, and O'Connor because he failed to allege those defendants knew of the

damaged floor.  Anderson does not allege he ever notified Fandi, Veal, Prior, or O'Connor of the damaged floor.  To the extent Anderson alleges those defendants should have known of the dangerous condition, his allegations are insufficient to demonstrate deliberate indifference.  See Farmer, 511 U.S. at 837 ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference.").

Therefore, Anderson states an Eighth Amendment claim against defendants Towne, Zepeda, Swan, Harris, Gilliam, and Brida.  However, he fails to state a claim against defendants Fandi, Veal, Prior, and O'Connor.

### 3. State Claims

Anderson also alleges the defendants violated various state laws: California Civil Code section 1714; California Government Code sections 820.2, 815.6, 12920, 12921; and California Penal Code sections 147, 2652.[3]  Federal courts have supplemental jurisdiction over state law claims that "form part of the same case or controversy" as a federal claim over which the court has original jurisdiction.  28 U.S.C. § 1367.  But here, Anderson simply provides a numbered list of the state statutes he alleges the defendants violated.  Even under the liberal pleading standard that applies to pro se complaints, see Erickson, 551 U.S. at 94, a plaintiff must do more than provide a numbered list of statutes that does not identify the facts that give rise to each claim; he must state how, conceivably, the defendants violated those statutes based on the facts.  Therefore, Anderson fails to state a claim under the various provisions of California law.

## IV. Conclusion

In accordance with the above, IT IS HEREBY ORDERED:

1. Anderson's in forma pauperis motion is granted.

---

[3] Anderson alleges the defendants violated a third section of the California Penal Code, but he fails to provide the section number.  (Compl. 18.)  He describes the violation as a "[f]ailure to protect the person of a prisoner, unauthorized injury."  (Id.)

6

2. The state law claims against all defendants are dismissed with leave to amend.

3. The Court finds the pro se amended complaint alleges facts sufficient for preliminary screening purposes, <u>see</u> 28 U.S.C. § 1915A, on Anderson's Eighth Amendment deliberate indifference claim. Service of the summons and amended complaint is proper for defendants Towne, Zepeda, Swan, Harris, Gilliam, and Brida on that claim.

4. The Clerk of the Court shall send Anderson six (6) return of service (USM-285) forms, one summons, an instruction sheet, and a copy of the amended complaint filed September 29, 2009.

5. Within thirty (30) days from the date of this Order, Anderson shall complete the attached Notice of Submission of Documents and submit the following documents to the Clerk of the Court:

   (a)   The completed Notice of Submission of Documents;

   (b)   One (1) completed summons listing the defendants in number 3 above;

   (c)   One (1) completed return of service (USM-285) form for each defendant listed in number 3 above; and

   (d)   Six (6) copies of the endorsed amended complaint filed September 29, 2009.

6. Anderson need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the Clerk of the Court shall deliver those documents to the United States Marshal, who shall serve the above-named defendants with those documents pursuant to Rule 4 of the Federal Rules of Civil Procedure, without payment of costs.

7. If Anderson fails to submit to the Clerk of the Court the Notice of Submission of Documents and the other required documents within thirty (30) days of the date of this Order, the Clerk of Court must, without further notice, enter a

judgment of dismissal of this action without prejudice.  <u>See</u> Fed. R. Civ. P. 41(b).

Dated: January 26, 2010 /s/ Carlos T. Bea
**Hon. Carlos T. Bea**
U.S. Court of Appeals for the
Ninth Circuit, sitting by
designation