IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIUS ANDERSON,                              2:08-cv-2480 CTB

          Plaintiff,

                              <u>ORDER DIRECTING SERVICE BY</u>

   v.                          <u>THE UNITED STATES MARSHAL</u>

                              <u>WITHOUT PREPAYMENT OF COSTS</u>

O. TOWNE; et al.,

          Defendants.

_____/

       Plaintiff Anderson is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915.  By order entered March 12, 2010, the court determined that Plaintiff's complaint states a cognizable Eighth Amendment claim for relief against Defendants Towne, Zepeda, Swan, and Brida, and states a cognizable state law negligence claim against Defendants Towne, Zepeda, Swan, Brida, Manderville, Veal, and Hubbard.  The court ordered Plaintiff to provide information for service of process on form USM-285, a completed summons, sufficient copies of the complaint for service, and a notice of compliance.  Plaintiff has filed the required papers.  Accordingly, IT IS HEREBY ORDERED that:

       1.  The Clerk of the Court is directed to forward the instructions for service of process, the completed summons, copies of the complaint, and copies of this order to the United States Marshal.

       2.  Within ten days from the date of this order, the United States Marshal is directed to notify Defendants Towne, Zepeda, Swan, Brida,

1

1    Manderville, Veal, and Hubbard of the commencement of this action and to request

2    a waiver of service of summons in accordance with the provisions of Fed. R. Civ.

3    P. 4(d) and 28 U.S.C. § 566(c).

4           3.  The United States Marshal is directed to retain the sealed summons

5    and a copy of the complaint in their file for future use.

6           4.  The United States Marshal shall file returned waivers of service of

7    summons as well as any requests for waivers that are returned as undelivered as

8    soon as they are received.

9           5.  If a waiver of service of summons is not returned by a Defendant

10   within sixty days from the date of mailing the request for waiver, the United States

11   Marshal shall:

12               a.  Personally serve process and a copy of this order upon

13               Defendants pursuant to Rule 4 of the Federal Rules of Civil

14               Procedure and 28 U.S.C.  § 566(c) and shall command all

15               necessary assistance from the California Department of

16               Corrections and Rehabilitation (CDC) to execute this order.

17               The United States Marshal shall maintain the confidentiality of

18               all information provided by the CDC pursuant to this order.

19               b.  Within ten days after personal service is effected, the United

20               States Marshal shall file the return of service for Defendants,

21               along with evidence of any attempts to secure a waiver of

22               service of summons and of the costs subsequently incurred in

23               effecting service on said Defendant.  Said costs shall be

24               enumerated on the USM-285 form and shall include the costs

25               incurred by the Marshal's office for photocopying additional

26               copies of the summons and complaint and for preparing new

1
2
3

USM-285 forms, if required.  Costs of service will be taxed against the personally served Defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

4    6.  Defendants shall reply to the complaint within the time provided
5 by the applicable provisions of Fed. R. Civ. P. 12(a).

6    7.  Unless otherwise ordered, all motions to dismiss, motions for
7 summary judgment, motions concerning discovery, motions pursuant to Rules 7,
8 11, 12, 15, 41, 55, 56, 59 and 60 of the Federal Rules of Civil Procedure, and
9 motions pursuant to Local Rule 11-110 shall be briefed pursuant to Local Rule 78-
10 230(m).  Failure to oppose such a motion timely may be deemed a waiver of
11 opposition to the motion.  Opposition to all other motions need be filed only as
12 directed by the court.

13    8.  If Plaintiff is released from prison at any time during the pendency
14 of this case, any party may request application of other provisions of Local Rule
15 78-230 in lieu of Local Rule 78-230(m).  In the absence of a court order granting
16 such a request, the provisions of Local Rule 78-230(m) will govern all motions
17 described in #7 above regardless of Plaintiff's custodial status.  See Local Rule 1-
18 102(d).

19    9.  Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir.
20 2003), Plaintiff is advised of the following requirements for opposing a motion to
21 dismiss for failure to exhaust administrative remedies made by Defendants
22 pursuant to Federal Rule of Civil Procedure 12(b).  Such a motion is a request for
23 dismissal of unexhausted claims without prejudice.  Defendants may submit
24 affidavits or declarations under penalty of perjury and admissible documentation to
25 support the motion to dismiss.  To oppose the motion, Plaintiff may likewise file
26 declarations under penalty of perjury and admissible documentation.  Plaintiff may

1  rely upon statements made under the penalty of perjury in the complaint if the

2  complaint shows that Plaintiff has personal knowledge of the matters stated and

3  Plaintiff calls to the court's attention those parts of the complaint upon which

4  Plaintiff relies.  Plaintiff may serve and file one or more affidavits or declarations

5  by other persons who have personal knowledge of relevant matters.  Plaintiff may

6  also rely upon written records, but Plaintiff must prove that the records are what

7  Plaintiff claims they are.  If Plaintiff fails to contradict Defendants' evidence with

8  admissible evidence, the court may rely on Defendants' evidence.  In the event

9  both sides submit matters outside the pleadings, the court may look beyond the

10  pleadings and decide disputed issues of fact.  If Plaintiff does not serve and file a

11  written opposition to the motion, the court may consider the failure to act as a

12  waiver of opposition to Defendants' motion.  If Defendants' motion to dismiss,

13  whether opposed or unopposed, is granted, Plaintiff's unexhausted claims will be

14  dismissed without prejudice.

15           10.  Pursuant to <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998)

16  (en banc), <u>cert. denied</u>, 527 U.S. 1035 (1999), and <u>Klingele v. Eikenberry</u>, 849

17  F.2d 409 (9th Cir. 1988), Plaintiff is advised of the following requirements for

18  opposing a motion for summary judgment made by Defendants pursuant to Rule

19  56 of the Federal Rules of Civil Procedure.  Such a motion is a request for an order

20  for judgment in favor of Defendants without trial.  Defendants' motion for

21  summary judgment will set forth the facts that Defendants contend are not

22  reasonably subject to dispute and that entitle Defendants to judgment.  To oppose a

23  motion for summary judgment, Plaintiff must show proof of his or her claims.

24  Plaintiff may do this in one or more of the following ways.  Plaintiff may rely upon

25  statements made under the penalty of perjury in the complaint if the complaint

26  shows that Plaintiff has personal knowledge of the matters stated and Plaintiff calls

1   to the court's attention those parts of the complaint upon which Plaintiff relies.

2   Plaintiff may serve and file one or more affidavits or declarations setting forth the

3   facts that Plaintiff believes prove Plaintiff's claims; the person who signs an

4   affidavit or declaration must have personal knowledge of the facts stated.  Plaintiff

5   may rely upon written records, but Plaintiff must prove that the records are what

6   Plaintiff claims they are.  Plaintiff may rely upon all or any part of the transcript of

7   one or more depositions, answers to interrogatories, or admissions obtained in this

8   proceeding.  If Plaintiff fails to contradict Defendants' evidence with

9   counteraffidavits or other admissible evidence, Defendants' evidence may be taken

10  as the truth and Defendants' motion for summary judgment granted.  If there is

11  some good reason why such facts are not available to Plaintiff when required to

12  oppose a motion for summary judgment, the court will consider a request to

13  postpone considering Defendants' motion.  If Plaintiff does not serve and file a

14  written opposition to the motion or a request to postpone consideration of the

15  motion, the court may consider the failure to act as a waiver of opposition to

16  Defendants' motion.  If Defendants' motion for summary judgment, whether

17  opposed or unopposed, is granted, judgment will be entered for Defendants without

18  a trial and the case will be closed.

19          11.  A motion or opposition supported by unsigned affidavits or

20  declarations will be stricken.

21          12.  Each party shall keep the court informed of a current address at

22  all times while the action is pending.  Any change of address must be reported

23  promptly to the court in a separate document captioned for this case and entitled

24  "Notice of Change of Address."  A notice of change of address must be properly

25  served on other parties.  Pursuant to Local Rule 83-182(f), service of documents at

26  the record address of a party is fully effective.  Failure to inform the court of a

change of address may result in the imposition of sanctions including dismissal of the action.

    13.  The Clerk of the Court shall serve upon Plaintiff a copy of the Local Rules of Court.

    14.  The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.  Fed. R. Civ. P. 11; Local Rule 11-110.

DATED: March 24, 2010

_Carlos Bea_
_____
**Hon. Carlos T. Bea**
U.S. Court of Appeals for the Ninth
Circuit, sitting by designation