IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIUS ANDERSON,

    Plaintiff,                    No. 2:08-cv-02480-CTB

    vs.

O. TOWNE; et al.,

    Defendants.              <u>ORDER</u>

_____/

      Plaintiff is a prisoner who is proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. On November 5, 2010, Plaintiff moved for a court ordered settlement conference. (Docket No. 42). Defendants filed no opposition to Plaintiff's motion. On March 24, 2011, service was effected on defendants Hubbard and Veal. (Docket No. 51). On March 28, 2011, Plaintiff moved for court-appointed counsel. (Docket No. 52).

      This case will be referred to Magistrate Judge Nandor J. Vadas to conduct a settlement conference at California State Prison, Solano (CSP-SOL) on May 31, 2011 at 9:00 a.m.

      A separate order and writ of habeas corpus ad testificandum will issue concurrently with this order.

      Accordingly, IT IS HEREBY ORDERED that:

      1. Plaintiff's Motion for Court Ordered Settlement Conference is GRANTED.

      2. Plaintiff's Motion for Assignment of Counsel is GRANTED.

      3. This case is set for a settlement conference before Magistrate Judge Nandor J. Vadas on May 31, 2011, at 9:00 a.m. at California State Prison, Solano.

1

1     4. Defendants' lead counsel and a person with full and unlimited authority to
2 negotiate and enter into a binding settlement on Defendants' behalf shall attend in person.[1]
3     5. Those in attendance must be prepared to discuss the claims, defenses and
4 damages. The failure of any counsel, party or authorized person subject to this order to appear in
5 person may result in the imposition of sanctions. In addition, the conference will not proceed
6 and will be reset to another date.
7     6. The parties are directed to provide confidential settlement conference
8 statements to the Honorable Nandor J. Vadas, U.S. District Court-Northern District of California,
9 514 H Street, Eureka, CA 95502 or via email at NJVpo@cand.uscourts.gov, so that they arrive
10 no later than May 20, 2011.
11     7. Plaintiff's three Motions to Compel Discovery (Docket #33) and Defendants'
12 Motion to Declare Plaintiff a Vexatious Litigant (Docket #49) are held in abeyance pending the
13 settlement conference.

DATED: April 14, 2011

/s/ Carlos T. Bea
**Hon. Carlos T. Bea**
U.S. Court of Appeals for the Ninth
Circuit, sitting by designation

---

[1] The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).