REBECCA WEINSTEIN-HAMILTON (SBN 162699)
LAW OFFICE OF REBECCA HAMILTON
2795 E. BIDWELL STREET, STE. 100-234
FOLSOM, CA 95630-6293
Ph.  (916) 220-3407
Fax: (916) 984-7141
Attorney for Plaintiff, Julius Anderson

UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF CALIFORNIA
SACRAMENTO DIVISION
-o0o-

| | |
|---|---|
| JULIUS ANDERSON,<br><br>　　Plaintiff,<br><br>v.<br><br>O. TOWNE, et al.,<br><br>　　Defendants. | Case No. CIV S 2:08-CV-02480 CTB<br><br>**ORDER** |

On April 24, 2013, Defendants' Motion for Summary Judgment or in the Alternative for summary of adjudication of issues came before the court. Despite the title, Defendants' motion is a motion to dismiss Plaintiff's claim for damages for violation of civil rights, 42 U.S.C. § 1983, and a motion for partial summary judgment on Plaintiff's claim for violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. Following oral argument, the matter was submitted. Defendants' motion is granted in part and denied in part, as follows:

1. **Defendants' Request for Judicial Notice**

Defendants' Request for Judicial Notice is GRANTED.

/ / /

## 2. **Defendants' Motion to Dismiss**

Defendants filed a motion to dismiss Plaintiff Julius Anderson's First Claim for Relief under 42 U.S.C. § 1983 on the grounds that Plaintiff sued each of the defendants only in their official capacity, and that § 1983 does not provide for tort claims against governmental entities. Defendants based their argument on the first sentence of Paragraph 22 of the Seventh Amended Complaint, which states "Defendants, and each of them, acting in their official capacities, violated Plaintiff's civil rights under 42 U.S.C. § 1983," asserting that it referred to the capacity under which each of the defendants had been sued. As the sentence clearly refers to Defendants' capacity at the time they violated Plaintiff's rights, and not to the capacity under which each was sued, *Hafer v. Melo*, 502 U.S. 21 (1991) applies. Moreover, the complaint contained a request for money damages from the individual defendants, and not from any governmental entity, and thus makes clear that Plaintiff sued Defendants in their individual capacities.

Defendants' motion to dismiss Plaintiff's First Claim for Relief under 42 U.S.C. § 1983 is DENIED.

## 3. **Defendants' Motion for Partial Summary Judgment**

Defendants moved for Summary Judgment on Plaintiff's Second Claim for Relief under the Americans with Disabilities Act of 1990 ("ADA") on the grounds that Plaintiff may not maintain an individual action for relief when he is a class member in an on-going class action. *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979).

During argument, Plaintiff's counsel conceded that it is possible for Plaintiff to request that counsel in the ongoing class action *Armstrong v. Brown, Jr.,* USDC Northern District of California Case No. 94-2307, seek an order mandating the California Department of Corrections and Rehabilitation maintain existing facilities pending completion of all plans to ensure the facilities are made compliant with the ADA.

2

Anderson v. Towne, et al
Case No. CIV S 2:08-CV-02480 CTB
**ORDER**

///

Defendants' Motion is GRANTED.  Plaintiff's Second Claim for Relief and Prayers for Relief Nos. 2, 3, and 6 regarding declaratory and injunctive relief under the Americans with Disabilities Act are DISMISSED.  Plaintiff's claim for monetary damages pursuant to § 1983 is unaffected by this ruling, as Defendants sought dismissal only of the claims for injunctive and declaratory relief under the ADA.

Dated: May 28, 2013

By: /s/ Carlos Bea
 CARLOS T. BEA
 United States Circuit Judge,
 Sitting by Designation.

APPROVED FOR FORM

By: /s/ Kevin W. Reager
 KEVIN W. REAGER
 Deputy Attorney General
 Attorneys for Defendants.

Anderson v. Towne, et al
Case No. CIV S 2:08-CV-02480 CTB
**ORDER**

3